IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2001

## STATE OF TENNESSEE v. MICHAEL D. WRIGHT

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-900-296-B      Timothy L. Easter, Judge**

---

**No. M2001-00793-CCA-R3-CD - Filed February 14, 2002**

---

In this appeal, Defendant raises the following issues: (1) whether the trial court incorrectly applied two enhancement factors, thereby causing his sentences to be excessive, and (2) whether the trial court erred by ordering that certain of his sentences run consecutively. Following a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

John H. Henderson, District Public Defender, Franklin, Tennessee, for the appellant, Michael D. Wright.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mark K. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Background

The defendant, Michael D. Wright, pled guilty to the following offenses as charged in the indictments: three counts of aggravated burglary, Tenn. Code Ann. § 39-14-403, a Class C felony; one count of theft of property more than $1000 but less than $10,000, Tenn. Code Ann. § 39-14-103, a Class D felony; and one count of theft of property more than $500 but less than $1000, Tenn. Code Ann. § 39-14-103, a Class E felony. All of the offenses were committed on July 18, 2000. The trial court determined all sentencing issues, following a sentencing hearing.

Charles Armour, a flooring contractor, had been hired to work at the Meeks' residence, one of three residences burglarized by Defendant on July 18, 2000. At Defendant's sentencing hearing, Armour testified that when he arrived at the Meeks' home on the day of the burglary, he observed

a white van parked in the driveway. Armour pulled his vehicle alongside the van, and saw three young, short-haired, Caucasian males exit the residence with socks on their hands. At least two of the men possessed firearms. When the men noticed Armour, they instructed him to stay in the car. Armour complied. While two of the burglars got into the van, the third kept his firearm pointed directly at Armour. Armour had left his engine running and, as the third man turned toward the van, Armour quickly drove away and into a nearby hay field. When he turned around, he observed the three burglars driving the van westward toward Interstate 65. Armour testified that he was unable to identify any of the three men or determine which two men had possessed the firearms.

At the conclusion of the sentencing hearing, the trial court found the following enhancement factors applicable to Defendant's sentences for all five offenses: (1) "[t]he defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range," (8) "[t]he defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community," and 13(A), the defendant committed the instant felony while on one of the enumerated forms of release status, if such release is from a prior felony conviction, including bail, if the defendant is ultimately convicted of such prior felony. Tenn. Code Ann. § 40-35-114(1), (8), (13)(A) (1997). In addition, the trial court applied enhancement factors (9) and (10) to Defendant's sentence for aggravated burglary of the Meeks' residence, based on its findings that "[t]he defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense," and "[t]he defendant had no hesitation about committing a crime when the risk to human life was high," respectively. Id. § 40-35-114(9), (10).

Finding no mitigating factors applicable, the trial court sentenced Defendant as a Range I standard offender to six years for the conviction of aggravated burglary of the Meeks' residence, which involved possession of a firearm and high risk to human life, five years each for the two remaining convictions of aggravated burglary, three years for the Class D felony theft conviction, and two years for the Class E felony theft conviction. The trial court further ordered that Defendant serve all sentences concurrently, with the exception of the six-year sentence for aggravated burglary, which was to run consecutively to the other four sentences for an effective sentence of eleven years.

**Analysis**

When an accused challenges the length, range, or the manner of service of a sentence, this Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, our review is de novo without a presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Here, the record reflects that the trial judge properly considered the sentencing principles and the relevant facts and circumstances. Therefore, our review is de novo with a presumption of correctness.

In conducting a de novo review of a sentence, this Court must consider the evidence received at trial and the sentencing hearing, the presentence report, the principles of sentencing and arguments as to sentencing alternatives, the statutory enhancing and mitigating factors, arguments of counsel, any statement that Defendant made on his own behalf, the nature and character of the criminal conduct involved, and the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997); Ashby, 823 S.W.2d at 169. Defendant has the burden of demonstrating that the sentence is improper. Ashby, 823 S.W.2d at 169.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for a Class B, C, D or E felony offense shall be the minimum of the applicable range. The applicable range for a Class C felony in Range I is three to six years; the range for a Class D felony is two to four years; and the range for a Class E felony is one to two years. See Tenn. Code Ann. § 40-35-112(a)(3)-(5) (1997). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Id. § 40-35-210(d), (e). No particular weight for each enhancement or mitigating factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Kelley, 34 S.W.3d 471, 479 (Tenn. Crim. App. 2000); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments.

## I. Enhancement Factors

Defendant contends that two of the five enhancement factors applied by the trial court, i.e., enhancement factors (9) and (10), are inappropriate under the circumstances presented in this case. Although Defendant did not argue against applicability of the remaining three enhancement factors, he asserts that all of his sentences are excessive and that the proper sentence length for each of his five offenses is the minimum in their respective ranges. We disagree.

Enhancement factor (9) applies when proof exists that "[t]he defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense." Tenn. Code Ann. § 40-35-114(9) (1997). The trial court used this factor to enhance Defendant's sentence for only one count of aggravated burglary, based upon Defendant's possession of a firearm during the burglary of the Meeks' residence.

Defendant chose not to testify at his sentencing hearing, and the record does not indicate that Defendant ever admitted to possessing a firearm during the burglaries. Thus, application of this factor must rely upon information given in the presentence report and during the testimony of two witnesses. As relevant to this issue, the presentence report contained a summary of the investigation conducted by Detectives Moore and Phillips, of the Williamson County Sheriff's Department, which stated that Defendant threatened a witness with a weapon during the aggravated burglary of the Meeks' residence. The record further reflects that Defendant was given an opportunity to object to any portion of the presentence report when the State offered it as an exhibit at the sentencing hearing,

and he declined. The testimony concerning this issue was given by Armour, the man allegedly threatened with a weapon during the Meeks' burglary, and James Scott, one of the two codefendants. Although Armour was unable to identify any of the three suspects he observed exiting the Meeks' residence, he testified that at least two of the defendants possessed firearms. Scott testified that "[Defendant] had the gun" before the men set out on their criminal escapade.

During Defendant's plea hearing, the prosecutor acknowledged that the issue concerning which of the three defendants actually possessed weapons during the Meeks' burglary was not conclusively resolved. On appeal, the State argues that the record clearly shows the applicability of factor (9). We believe that the above circumstances, taken together, are sufficient to conclude that Defendant possessed or employed a firearm during the burglary of the Meeks' residence and that this was proven by a preponderance of the evidence. State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000) ("facts relevant to sentencing must be proven by a preponderance of the evidence and not beyond a reasonable doubt"). We further note that possession of a firearm is not an essential element of the offense of aggravated burglary. See Tenn. Code Ann. § 39-14-403 (1997). Accordingly, the trial court's application of factor (9) was not improper.

The evidence also supports the trial court's application of factor (10) to enhance Defendant's sentence for the conviction of aggravated burglary relating to the Meeks' residence. Factor (10) is applicable when the proof establishes that "[t]he defendant had no hesitation about committing a crime when the risk to human life was high." Id. § 40-35-114(10). The proof reveals that Armour was present when at least two of the three suspects exited the Meeks' home with firearms at the conclusion of that burglary. Armour also testified that one of the defendants kept his firearm pointed directly at Armour while the remaining two men entered the van and prepared for their getaway. Thus, Defendant and his accomplices had no hesitation about brandishing weapons during a crime spree and threatening other persons with those weapons, if and when they were confronted. This enhancement factor is applicable in situations where persons other than the victim are in the area and subject to injury. See State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995); State v. Bingham, 910 S.W.2d 448, 452 (Tenn. Crim. App. 1995) overruled on other grounds, State v. Hooper, 29 S.W.3d 1 (Tenn. 2000); see also State v. Jones, 883 S.W.2d 597, 603 (Tenn. 1994) (factor (10) applies when the proof establishes a culpability distinct from and appreciably greater than that incident to the offense). Further, possession of a weapon is not an essential element of the offense of aggravated burglary. Thus, we conclude that this factor was properly applied to Defendant's sentence.

The defendant has not contested the applicability of enhancement factors (1), (8) or (13)(A), and we find that they were also properly applied. Factor (1), requiring that a defendant have a history of criminal convictions or behavior in addition to those necessary to establish the appropriate range, see Tenn. Code Ann. § 40-35-114(1), and factor (8), requiring that a defendant exhibit a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, see Tenn. Code Ann. § 40-35-114(8), are clearly supported by the facts in Defendant's presentence report. With regard to factor (1), Defendant's criminal record reveals two felony and seven misdemeanor convictions occurring between April 1995 and May 2000. Applicability of factor (8) is demonstrated by proof that Defendant was placed on probation twice,

first in May 1995 as the result of a misdemeanor theft conviction, and again, in February 1996, for an aggravated assault conviction. Both occurred in Davidson County and both were subsequently revoked--the former in August 1995, and the latter in January 1998.

The trial court also applied factor 13(A), based upon proof that Defendant committed the instant felony while released on bail pursuant to his arrest for a prior felony and that Defendant was ultimately convicted of such prior felony. See Tenn. Code Ann. § 40-35-114(13)(A) (1997). David Pratt, the investigating officer who prepared Defendant's presentence report, testified specifically that Defendant was "on bond" at the time he was arrested on the instant charges. (The presentence report reveals that on April 27, 2000, Defendant was arrested on charges of theft of property of more than $1000 and less than $10,000 in value. He was subsequently convicted on November 30, 2000 and sentenced to two years in the workhouse and two years probation, with sentence suspended after 30 days (served during weekends).) Defendant was sentenced on February 12, 2001 in the case sub judice.

Finally, we concur with the trial court determination that no mitigating factors applied. Accordingly, we find the trial court's determination as to the length of sentences for all offenses appropriate based on the applicability of the five enhancement factors discussed above. Defendant is not entitled to relief on this issue.

## II. Consecutive Sentencing

Defendant also contends that the trial court erred by ordering consecutive sentences. We disagree.

According to the record, the trial court ordered that Defendant serve all sentences concurrently, with the exception of the six-year sentence for aggravated burglary, which was to run consecutively to the other four sentences for an effective sentence of eleven years. In making this determination, the trial court found the following two factors established by a preponderance of the evidence: (1) Defendant is a professional criminal who has knowingly devoted his life to criminal acts as a major source of livelihood, and (2) Defendant is an offender whose record of criminal activity is extensive. See Tenn. Code Ann. § 40-35-115(b)(1)-(2) (1997).

A trial court may impose consecutive sentences upon finding the existence of one of the criteria in Tennessee Code Annotated section 40-35-115. For example, a trial court may order a defendant to serve consecutive sentences when he is convicted of more than one criminal offense and the court finds by a preponderance of the evidence that (1) "[t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood"; or (2) "[t]he defendant is an offender whose record of criminal activity is extensive," as in the present case. Id. The trial court must consider the general principles of sentencing as set forth in the Sentencing Act in determining the length of a defendant's sentence. State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999). Among other things, the length of the sentence must be justly deserved in relation to the seriousness of the offense, and no greater than that deserved for the offense committed. Id. (citing Tenn. Code Ann. §§ 40-35-102(1), -103(2) (1997)).

In support of his allegation that consecutive sentences were improper, Defendant argues that all but two of his nine prior convictions were for misdemeanor offenses and that the two felony convictions were for aggravated assault and theft over $1000. The statement is correct, but we are unpersuaded that Defendant's prior criminal activity is trivial in the least. Rather, we consider Defendant's record of criminal activity to be extensive. Id. § 40-35-115(b)(2). Although we cannot determine from the record whether the proof supports the trial court's additional finding (that Defendant is a professional criminal who has knowingly devoted his life to criminal acts as a major source of livelihood), the extensive nature of Defendant's prior record alone justifies consecutive sentencing. We additionally note that a trial court's use of enhancement factor (1), to increase the length of his sentences within the proper range based on Defendant's criminal history and/or behavior, does not bar the use of the same facts in imposing consecutive sentences. State v. Melvin, 913 S.W.2d 195, 205 (Tenn. Crim. App. 1995). Accordingly, we find that the length of Defendant's sentence is justly deserved in relation to the seriousness of the offense, and no greater than that deserved for the offense committed. Consequently, we also agree with the trial court's determination that consecutive sentencing is warranted. Defendant is not entitled to relief on this issue.

**Conclusion**

For the forgoing reasons, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, JUDGE